**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY | * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:08CV00163   SWW |
| GRAHAM ROGERS, INC., EAST CENTRAL ARKANSAS INSURANCE, INC., and JERRY REEVES | * * * * | |
| Defendants | * | |

## ORDER

Plaintiff Geovera Specialty Insurance Company ("Geovera") brings this action pursuant to the Court's diversity jurisdiction against Graham Rogers, Inc. ("Graham Rogers"), East Central Arkansas Insurance, Inc. ("ECA"), and Jerry Reeves ("Reeves").  Before the Court are Graham Rogers' motions to dismiss (docket entries #8, #26), Geovera's responses in opposition (docket entries #15, #28), and Graham Rogers' replies (docket entries #16, #31).  Also before the Court is Reeves and ECA's motion to dismiss for improper venue (docket entry #7) and Geovera's response in opposition (docket entry #14).  After careful consideration, and for the reasons that follow, Graham Rogers' motion to dismiss will be granted in part and denied in part, and Reeves and ECA's motion to dismiss will be denied.

**I.**

Plaintiff Geovera is an insurer,[1] Defendant Graham Rogers is a wholesale insurance broker, Defendant ECA is a retail insurance broker, and Defendant Jerry Reeves is an insurance agent who works for ECA.  On May 16, 2003, Geovera and Graham Rogers entered a surplus lines broker agreement that authorized Graham Rogers to "market, present proposals of residential property insurance to [Geovera] for its acceptance, and issue and deliver residential property insurance policies, subject to the terms of [the parties' agreement]." Docket entry #15, Ex. A at 1.[2]

Geovera alleges that in February 2006, pursuant the aforementioned surplus lines broker agreement, Defendant Reeves submitted an application by Gary and Sherry Balentine for residential property insurance.  Geovera approved the application and issued the Balentines an insurance policy.  Geovera claims that the Balentines' application contains false information and does not bear the applicants' signatures.   According to Geovera, the application "set forth that the Balentines had not had a bankruptcy in the previous five years, when in fact, the Balentines were going through a bankruptcy at the time the application was submitted." Docket entry #25, ¶ 13.  Additionally, Geovera alleges that "the application indicated that the property to be insured was not located on more than five acres of land, when in fact, the property was located on six

_____

[1]According to the complaint allegations, Geovera was formerly known as USF&G Specialty Insurance Company.  Docket entry #25, ¶ 1.

[2]The agreement referenced in the amended complaint is not attached to the pleading. However, in response to Defendant Graham Rogers' motion to dismiss, Geovera submitted a copy of the agreement, *see* docket entry #15, Ex. A, and explained that it inadvertently failed to include the document as an exhibit to the complaint.   Under Federal Rule of Civil Procedure 10(c), a copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes.  Even though Geovera inadvertently failed to make the agreement an exhibit to the complaint, for the purpose of deciding the present motions, the Court will consider the agreement as part of the amended complaint.

acres." *Id.*

Geovera further alleges that in September 2006, a fire destroyed the Balentines' home, and Geovera paid the Balentines $785,708.34 "for covered damages under its policy of insurance as a result of the fire."  Docket entry #25, ¶ 15.  Geovera claims that if Defendants had fulfilled their obligations it "would not have issued a policy of insurance and/or would not have had to pay out under the policy of insurance for the fire at the Balentines' residence."  Docket entry #25, ¶ 15,

Geovera brings negligence, breach of fiduciary duty, and constructive fraud claims against Defendants Reeves and ECA, and Geovera sues Graham Rogers for breach of contract, breach of fiduciary duties, negligent hiring, and negligence.

## II.  Graham Rogers' Motion to Dismiss for Failure to State a Claim

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true.  *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts.  *See*

*Twombly*, 127 S.Ct. at 1965 (a well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely).   A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery.  *Id.* at 1968.  Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible."  *Id*. at 1974.

### Breach of Contract

Graham Rogers forwards two arguments in support of its motion to dismiss Geovera's breach of contract claim.  First, Graham Rogers argues that the complaint gives no indication of the duties imposed by the surplus lines broker agreement and allegedly breached by Graham Rogers.  The Court disagrees.  The surplus lines broker agreement provides that Graham Rogers shall apply written underwriting and rating guidelines prepared by Geovera.  *See* docket entry #15, Ex. A, Art. II(B)(2).  Geovera alleges that Graham Rogers breached the agreement by, among other things,  failing to apply the written underwriting and rating guidelines prepared by Geovera.  *See* Amended Complaint, ¶ 18.

Second, Graham Rogers asserts that the application errors cited in the complaint were not material and did not increase the risk assumed by Geovera.  Graham Rogers claims that  Geovera knew about the alleged errors on the Balentines' application before it paid their claim.  According to Graham Rogers, Geovera's failure to file a declaratory judgment action before it paid the Balentines' claim  "is a tacit admission o the immaterial nature of the alleged 'errors' that is the basis for this lawsuit."  Docket entry #9, at 3.

As proof that Geovera knew about the application errors before it paid the claim, Graham

4

Rogers submits a letter to Defendant Reeves from Geovera.  Docket entry #8, Ex. A.  The letter

states that the Balentines' applications contained errors, specifically omission of information

regarding the Balentines' bankruptcy and acreage.  The letter further states that Geovera would

not have accepted the risk if it had possessed accurate information.  The letter concludes as

follows:

> Based upon these errors and omissions, we request that you place your insurance
> carrier on notice of this claim.  Please be advised that if [Geovera] pays the claim
> of the Balentine for the fire loss, then [Geovera] will seek reimbursement and/or
> indemnity from you and your insurance carrier for the payments made to the
> Balentines.

*Id.*

Even assuming that Geovera's letter to Reeves can be considered at this juncture, it does

not indicate that Geovera considered the alleged errors immaterial.   Geovera alleges that as a

direct and proximate result of Graham Rogers' omissions, it sustained damages.  At this stage of

the case, the Court must accept as true all factual allegations contained in the complaint, and the

Court finds Geovera's allegations sufficient to allege a material breach of the surplus lines

broker agreement.

### Breach of Fiduciary Duties

In support of its claim for breach of fiduciary duties, Geovera alleges that Graham Rogers

breached a "fiduciary duty of good faith and fair dealing by engaging in conduct that prejudiced

the rights of Plaintiff."   Docket entry #25, ¶ 20.   Graham Rogers argues that Geovera's

allegations are conclusory and offer "no specifics about why there is such duty or what that duty

is."  Docket entry #9, at 4.

The breach of a fiduciary duty involves a betrayal of a trust and a benefit by the dominant

party at the expense of one under his influence.  *See Cole v. Laws*, 349 Ark. 177, 185, 76 S.W.3d

5

878, 883 (2002), *cert. denied*, 537 U.S. 1003, 123 S. Ct. 509 (2002).  It is critical to Geovera's claim that the existence of a fiduciary duty be established, and Geovera has failed to allege any facts indicating that Graham Rogers owed it a fiduciary duty.  The Court finds no authority for imposing a "fiduciary duty of good faith and fair dealing" based purely on a contractual relationship.  Accordingly, the claim will be dismissed without prejudice**.**

### Negligent Hiring

In support of its negligent hiring claim, Geovera alleges that Graham Rogers had a duty to use ordinary care in appointing Reeves and ECA to act as retail producers, and it breached this duty.  Graham Rogers asserts that it merely appointed Reeves and ECA in accordance with the surplus lines broker agreement, and the appointees did not act as  employees or agents of Graham Rogers.  Graham Rogers also notes that the complaint is void of any allegation that it had reason to know that Reeves and ECA were incapable of adequate performance.

Even assuming Graham Rogers hired Reeves and ECA as independent contractors, Geovera has failed to state a claim for negligent hiring.  An employer may be liable for the conduct of an incompetent contractor when the employer was negligent in hiring the contractor. *See Stoltz v. Arkansas Valley Elec. Co-op. Corp*., 354 Ark. 601, 127 S.W.3d 466 (2003).[3] However, an essential element of a negligent hiring claim is that the employer knew or could by the exercise of reasonable care have discovered that the independent contractor was incompetent.

---

[3]Negligent hiring is completely separate from the issue of vicarious liability because the cause of action is premised on the wrongful conduct of the employer, such that the employer's negligence was the proximate cause of the plaintiff's injuries.

*See Arkansas Pools, Inc. v. Beavers,* 281 Ark. 109, 111, 661 S.W.2d 395, 396 (1983).

Here, Geovera fails to allege a single fact indicating that Graham Rogers knew or should have known that Reeves and ECA were incompetent when it appointed them as retail producers. Geovera is obligated to provide grounds for its entitlement to relief--labels and conclusions will not suffice. Because Geovera has failed to provide factual allegations that raise a right to relief based on negligent hiring, the claim will be dismissed without prejudice.

### Negligence

Geovera alleges that Graham Rogers was negligent in (1) failing to apply Geovera's written underwriting and rating guidelines, (2) appointing Reeves and ECA as retail producers, (3) allowing Reeves and ECA to submit an erroneous insurance application, (4) renewing a policy that failed to meet Geovera's underwriting guidelines, and (5) failing to monitor and train Reeves and ECA.

Graham Rogers states that Geovera "mimics its . . . allegations intended to support a breach of contract claim, but still fails to state what it was that [Graham Rogers] is alleged to have done or failed to have done." Docket entry #9, at 6. Additionally, Graham Rogers asserts that even if the Balentines' application contained errors, they were not material and did not increase Geovera's risk exposure.

The Court agrees that Geovera pursues both contract and tort claims based on the same allegations: that Graham Rogers breached a duty to follow underwriting guidelines and such failure caused Geovera to sustain damages. If a party has two or more remedies that are concurrent and consistent, he may pursue all of them, so long as there is no double recovery. *See Regions Bank v. Griffin,* 364 Ark. 193, 196, 217 S.W.3d 829, 832 (2005). Geovera is free to

pursue a negligence claim and a contract claim based on Graham Rogers' alleged failure to apply underwriting guidelines, and whether Graham Rogers' conduct amounted to a material breach or the proximate cause of damages are issues for trial.

To the extent that Geovera reasserts its negligent hiring claim, for reasons previously stated, the allegations fail to state a claim for relief.   Additionally, the Court finds that Geovera fails to allege facts sufficient to state a claim for negligent supervision or training, as there are no allegations indicating that Graham Rogers had a duty to train and supervise Reeves and ECA.

### III.  Graham Rogers' Motion to Dismiss for Failure to Join Indispensable Parties

Graham Rogers asserts that his case must be dismissed for failure to join the Balentines and F&G Specialty Insurance Services, Inc. ("F&G") as parties.   Federal Rule of Civil Procedure 19(b) gives courts the equitable power to dismiss an action if an "indispensable" party cannot be joined.   Dismissal is appropriate under Rule 19(b) if (1) a nonparty is "necessary", (2) the nonparty cannot be joined, and (3) the action cannot continue in equity and good conscience without the nonparty.  *See U.S. ex rel. Steele v. Turn Key Gaming, Inc*., 135 F.3d 1249, 1251 (8th Cir. 1998)(citation omitted).

A party is necessary under Rule 19(a) if (1) in the person's absence, complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that disposition in his absence could (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the current parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

### The Balentines

8

Graham Rogers asserts: "Most obviously, the insureds, Garry and Sherry Balentine are necessary, having been the persons who submitted the allegedly erroneous application as well as the persons who received the proceeds, the return of which Plaintiff is seeking as damages." Docket entry #9, at 7.  Graham Rogers states that "it is the Balentines, holders of the proceeds, who will bear the responsibility for repayment," and if the Balentines are not joined as parties, Graham Rogers  "would anticipate the filing of a third party action . . . . "  Docket entry #31, at 5.      Graham Rogers provides no information indicating that the Balentines possess an interest relating to the subject of this action that will be impaired by their absence or that would leave the current parties subject to double, multiple or inconsistent obligations.  Nor has Graham Rogers shown that without the Balentines, the Court cannot accord complete relief to the existing parties.  The  Balentines' presence is not necessary to a resolution of Geovera's claims, and the possibility of a third party action against the Balentines is not relevant to whether they are necessary parties in this case.  *Gwartz v. Jefferson Memorial Hosp. Ass'n*,  23 F.3d 1426, 1428 (8th Cir. 1994)(quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir.1983)("The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.").

### F&G

Graham Rogers states that  F&G is a division, affiliate, or alter-ego of Geovera, which entered a service agreement with Graham Rogers, and "undertook to issue and mail the insurance policies, binders, endorsements, renewals, notices of cancellation or nonrenewal, and any other policy holder notices . . . . " Docket entry #9, at 7.  Graham Rogers asserts that based on F&G's activities,  "it cannot be disputed that Geovera was aware of and complicit in all matters alleged

9

in its Complaint." *Id.*

Graham Rogers fails to explain how the administrative services performed by F&G make F&G a necessary party according to the criteria set forth under Rule 19(a). The Court finds that F&G is not a necessary party under Rule 19(a) and that Graham Rogers' motion to dismiss for failure to join an indispensable party should be denied.

### IV.   Reeves and ECA's Motion to Dismiss for Improper Venue

The federal venue statute provides that an action brought in federal court based on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought. *See* 28 U.S.C. § 1391(a). According to the complaint allegations, Geovera brought suit in this district because Defendant Reeves resides in Wynne, Arkansas. Geovera also alleges that the property insured under the Balentines' policy is located in Wynne, Arkansas.

Reeves and ECA do not assert that venue is improper in this judicial *district*. Instead, they contend that the western *division* of this judicial district "is not a place of proper venue under 28 U.S.C. § 1391(a) because no Defendant lives in the Western Division of the Eastern District of Arkansas." Docket entry #7, ¶ 4. The separate defendants further state that the eastern division of this Court is a more convenient forum for them.

Because Reeves and ECA do not claim that this judicial district is an improper venue, they have failed to properly raise the issue of venue. It appears that the separate defendants' real objective is to have the case transferred to the eastern division of this Court.

Under 28 U.S.C. § 1404(a), for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The defendants bear the burden of proving that their choice of forum is more convenient than the plaintiff's.  *See Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964).  A plaintiff's choice of forum is given "great weight" and should rarely be disturbed.  *See Houk v. Kimberly-Clark Corp*., 613 F. Supp. 923, 927 (W.D. Mo. 1985); *Arkansas-Best Freight Sys., Inc. v. Youngblood,* 359 F. Supp. 1125, 1129 (W.D. Ark. 1973).   Here, the separate defendants merely state that the eastern division of this court would be more convenient, and they have failed to meet their burden under § 1404(a).  Accordingly, the request for transfer will be denied.


IT IS THEREFORE ORDERED that Defendant Graham Rogers' motions to dismiss (docket entries #8, #26) are  GRANTED IN PART AND DENIED IN PART.  Plaintiff Geovera's breach of fiduciary duty and negligent hiring, supervision, and training claims against Graham Rogers are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants Reeves and ECA's motion to dismiss for improper venue (docket entry #7) is DENIED.

IT IS SO ORDERED THIS 7TH DAY OF JULY, 2008.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE