**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| GeoVera SPECIALTY INSURANCE COMPANY | * * * * | |
| Plaintiff | * * | NO: 4:08CV00163   SWW |
| VS. | * * * | |
| GRAHAM ROGERS, ET AL. | * * * | |
| Defendants | * | |

**ORDER**

By order entered August 7, 2009, the Court entered partial summary judgment in favor of Separate Defendant Graham Rogers Inc. ("Graham Rogers").  Now before the Court is a motion for reconsideration (docket entry #103) by Plaintiff GeoVera Speciality Insurance Company ("GeoVera"), which the Court construes as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).  Also before the Court is Graham Rogers' response in opposition (docket entry #106).  After careful consideration, and for reasons that follow, the motion for reconsideration will be denied.

In support of its motion, GeoVera provides additional arguments in support of its breach of contract claim against Graham Rogers.  Previously, GeoVera argued that  Graham Rogers "breached its contractual obligations, duties and responsibilities under the Surplus Lines Agreement . . . directly and through its agents' negligent conduct in failing to reasonably and

adequately apply the written underwriting and rating guidelines prepared by [GeoVera]." Docket entry #65, ¶ 29.  Because Graham Rogers took no part in completing the Balentines' application or submitting the application to GeoVera, the Court found no triable issues on the claim that Graham Rogers "directly" breached a duty to apply GeoVera's underwriting and rating guidelines.   Additionally, the Court found no issues for trial under an agency theory of liability. GeoVera now argues that Graham Rogers "had the contractual obligation to see to it that only acceptable risks were submitted" and that "delegating a contractual duty to another does not relieve the delegator of their contractual duty." Docket entry #104, ¶¶ 8-9.

As noted in the order granting partial summary judgment, the Surplus Lines contract between GeoVera and Graham Rogers gives Graham Rogers authority to  "appoint retail producers to market and solicit policies and to perform fieldwork and aid in the underwriting of the business."  Docket entry #90, Ex. A (Surplus Lines Broker Agreement, Article I, Sec. A.) The Surplus Lines contract also provides: "The COMPANY [GeoVera] will give the BROKER [Graham Rogers], and retail producers appointed by the BROKER under this Agreement, access to the System for purposes of sending quote requests, receiving quotes, and printing and delivering quotes, applications, and binders."   Docket entry #90, Ex. A (Surplus Lines Broker Agreement, Article III).

In conformity with the Surplus Lines contract, Graham Rogers and Defendant East Central Arkansas Insurance, Inc., through Defendant Reeves, entered a producer's agreement in September 2003.  *See* docket entry #57, Ex. E.   Reeves, an appointed retail producer, accessed GeoVera's on-line application system and submitted the Balentines' applications.

The Surplus Lines contract provides that Graham Rogers will be responsible for

distributing and marketing the required software provided by GeoVera to appointed retail producers, providing sufficient support to ensure that the software is properly installed, and responding to questions or concerns from appointed retail producers regarding the system. Docket entry #90, Ex. A (Surplus Lines Broker Agreement, Article III).  However, the contract contains no provision requiring that Graham Rogers make certain or "see to it" that appointed retail producers submit only acceptable risks to GeoVera.

In sum, the Court finds no basis for granting GeoVera's motion for reconsideration, and the motion (docket entry #103) is DENIED.

IT IS SO ORDERED THIS 28TH  DAY OF AUGUST, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE