IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| GeoVera SPECIALTY INSURANCE COMPANY | * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:08CV00163 SWW |
| GRAHAM ROGERS, INC., EAST CENTRAL ARKANSAS INSURANCE, INC., and JERRY REEVES | * * * * | |
| Defendants | * | |

**ORDER**

Before the Court is a motion for attorneys' fees and costs (docket entry #121) by Defendant Graham Rogers, Inc. ("Graham Rogers"), seeking $44,323 in attorneys' fees and $198.80 in costs. Plaintiff GeoVera Specialty Insurance Company ("GeoVera") has filed a response in opposition (docket entry #124), and Graham Rogers has filed a reply (docket entry #12). Additionally, in compliance with the Court's order entered July 23, 2010, Graham Rogers has filed documentary evidence in support of its motion (docket entry #134), and GeoVera has filed a supplemental response (docket entry #135). After careful consideration, and for reasons that follow, the Court will award Graham Rogers $39,794.50 in attorneys' fees and $198.80 in costs.

**I. Background**

On February 22, 2008, GeoVera commenced this diversity suit against Graham Rogers and others, charging Graham Rogers with breach of contract; breach of fiduciary duty; ordinary

negligence; and negligent hiring, supervision, and training.  GeoVera's claims arose from a surplus lines brokerage agreement under which Graham Rogers, a wholesale insurance broker, agreed to appoint retail brokers to market GeoVera's homeowner insurance products.  According to GeoVera, Graham Rogers breached its duties under the agreement, which caused GeoVera to issue an insurance policy that resulted in a loss.

By order entered July 7, 2008, the Court granted in part and denied in part Graham Rogers' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that GeoVera failed to state claims for breach of fiduciary duty, negligent hiring, negligent supervision, or negligent training but that GeoVera's allegations were sufficient to state claims for breach of contract and ordinary negligence.

Although GeoVera sought damages under two theories of recovery--breach of contract and negligence–it anchored these separate claims on the same allegation: that Graham Rogers and its agents failed to carry out contractual obligations under the surplus lines brokerage agreement.  *See* Plf.s' Response in Opposition to Summary Judgment, docket entry #65, ¶ 29 (asserting that Graham Rogers "breached its contractual obligations, duties and responsibilities under the Surplus Lines Agreement . . . directly and through its agents' negligent conduct in failing to reasonably and adequately apply the written underwriting and rating guidelines prepared by [GeoVera].").  By order entered August 7, 2009, the Court entered summary judgment in Graham Rogers' favor on both claims, finding that the separate defendant took no part in issuing the insurance policy at issue and finding no factual premise on which to base an agency relationship.

## II.  Attorneys' Fees

The right to recover attorneys' fees in diversity cases is determined by state law, *see Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997), in this case Arkansas law.[1]  Arkansas Code § 16-22-308 provides: "In any civil action . . . for . . . breach of contract, unless otherwise provided by law or contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as cost."   Ark. Code Ann. § 16-22-308.  An award of attorneys' fees under § 16-22-308 is discretionary with the trial court.  *See Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 184 (1995).

To qualify as a prevailing party entitled to attorneys' fees under § 16-22-308, a litigant must be granted some relief on the merits of his or her claim.  *See BKD, LLP v. Yates,* 367 Ark. 391, 394, 240 S.W.3d 588, 591 (2006).   Here, it is undisputed that Graham Rogers qualifies as a prevailing party.  GeoVera, however, argues that a fee award is inappropriate because this case "involved very close legal issues regarding concepts of 'duty' and was by no means frivolous" and because "the attorney's fees incurred by Graham would have been incurred with or without the contract claim and there is no reason to believe that the contract claim predominates over the other claims."  Docket entry #124, at 3-4.  Additionally, GeoVera requests a "fact finding

---

[1] When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum state.  *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994).  In contract actions, Arkansas Courts have applied the "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue.  *Fuller v. Hartford Life Ins. Co.,* 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002).    In this case, the contract was formed and performed in Arkansas, and the Court finds that Arkansas law governs the substantive issues, including attorney fees.

hearing"[2] and asserts that Graham Rogers failed to provide itemized bills "so the amount of attorney's fees only for the defense of the breach of contract claim can be determined." *Id*., at 2, 4.  In light of GeoVera's objection, the Court directed Graham Rogers to provide itemized bills to support its request for attorneys' fees.  Graham Rogers complied with the Court's order, *see* docket entry #134, and GeoVera has filed a supplemental response, *see* docket entry #135.

"Where both contract and tort claims are advanced, an award of attorney' fees to the prevailing party [under § 16-22-308] is proper only when the action is based primarily in contract." *Meyer v. Riverdale Harbor Mun. Prop. Owners Imp. Dist. No. 1*, 58 Ark. 91, 93, 947 S.W.2d 20, 21 (1997).  Here, GeoVera pursued claims for breach of contract and negligence, but alleged the same facts and offered the same evidence to prove both claims, and GeoVera could not prevail under a negligence theory without proving that Graham Rogers breached its contractual duties.  Accordingly, the Court finds that GeoVera's action against Graham Rogers was primarily and essentially one for breach of contract and that Graham Rogers is entitled to reasonable attorneys' fees pursuant to § 16-22-308.  The Court must now decide whether the fees requested are reasonable.

Arkansas provides no fixed formula for determining reasonable attorneys' fees, and the amount of an award is a discretionary determination that will be reversed only upon an abuse of discretion.  *See Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (2002).  However, the following factors are relevant in determining reasonable attorney's

---

[2]Rule 54(d)(2)(C) provides that on a party's request, the Court must "give an opportunity for adversary submissions on the motion in accordance with rule 43(c) or 78."  In accordance with Rule 78, the Court finds that Graham Rogers' motion for attorneys' fees can be decided based on the submissions before the Court.  An oral hearing is not necessary.

fees: (i) the experience and ability of the attorney; (ii) the time and labor required to perform the service properly; (iii) the amount in controversy and the result obtained in the case; (iv) the novelty and difficulty of the issues involved; (v) the fee customarily charged for similar services in the local area; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed upon the client in the circumstances; and (viii) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *See Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990).

In this case, the Court finds that counsel for Graham Rogers, M. Stephen Bingham, is an experienced attorney, who has demonstrated superior legal and advocacy skills in this case. By affidavit, Mr. Bingham reports that from February 2008 through August 2009,[3] he expended a total of 165 hours defending against GeoVera's claims and that he charged a normal hourly rate of $235 in 2008 and $240 in 2009.  Mr. Bingham further testifies that an associate in his law firm expended a total of 32 hours working on this case in March, April, and May 2009, at a normal hourly rate of $160, for a total of 197 attorney hours and $44,323 in attorneys' fees. The billing records recently filed by Graham Rogers fully support Mr. Bingham's testimony.

GeoVera does not dispute the reasonableness of the hourly rates charged, but maintains that the Court should reduce any award by $4,528.50 to reflect charges attributable to time spent defending against GeoVera's claims for breach of fiduciary duty and negligent hiring.[4] GeoVera

---

[3]GeoVera filed this lawsuit on February 22, 2008, and the Court granted summary judgment in favor of Graham Rogers and denied GeoVera's motion to reconsider in August 2009.

[4]GeoVera proposed a $4,528.50 reduction based on time entries set forth in the billing statements provided by Graham Rogers.

further asserts that Graham Rogers is not entitled to attorneys' fees for "for the defense of the negligence portion of the claim" and that any award should be further reduced by 50%.

In the first amended complaint, GeoVera claimed damages in the amount of $785,708.34, and the Court finds that $44,323 in attorneys' fees bears a reasonable relation to the amount a stake in this case. The Court further finds that the claimed rates and hours are reasonable but that the fee request should be reduced by $4,528.50 for time devoted to defending against GeoVera's claims for breach of fiduciary duties and negligent hiring, training, and supervision. Finally, the Court disagrees that the fee award is subject to an additional 50% reduction. For reasons previously stated, GeoVera's contract and negligence claims are so interrelated that they are practically one in the same. The disposition of both claims hinged on identical issues: whether an agency relationship existed between Graham Rogers and retail brokers and whether Graham Rogers breached its contractual duties. Based on these findings, the Court will award Graham Rogers $39,794.50 in attorneys' fees.

### III.  Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1), a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Rule 54(d) "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory* Serv., 940 F.2d 351, 358-59 (8th Cir. 1991). Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1). These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of

papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Graham Rogers seeks $198 in costs for fees and disbursements for printing and copying, items that are taxable under § 1920, and GeoVera does not contest the requested amount. Accordingly, the Court finds that Graham Rogers is entitled to an award of costs in the amount of $198.

### IV.  Request for Stay

On April 28, 2010, GeoVera filed a notice of appeal from the Court's orders granting Graham Rogers' motion for summary judgment and granting in part Graham Rogers' motion to dismiss.   GeoVera requests that "any award of fees and costs be stayed until such time as all appeals . . . are resolved."  Docket entry #124, at 5.  Plaintiffs may file a motion pursuant to Rule 62(d) of the Federal Rules of Civil Procedure to stay enforcement of Defendants' attorney fee award.

IT IS THEREFORE ORDERED that Defendant Graham Rogers, Inc.'s motion for attorneys' fees and costs (docket entry #121) is GRANTED IN PART.  Defendant Graham Rogers, Inc. is hereby awarded $39,794.50 in attorney's fees and $198.80 in costs.

IT IS SO ORDERED THIS 23RD   DAY OF AUGUST,  2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE