**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| GeoVera SPECIALTY INSURANCE COMPANY | * * * * | |
| Plaintiff | * * | NO: 4:08CV00163   SWW |
| VS. | * * * | |
| GRAHAM ROGERS, ET AL. | * * * | |
| Defendants | * | |

**ORDER**

Plaintiff GeoVera Specialty Insurance Company ("GeoVera") commenced this action pursuant to the Court's diversity jurisdiction against Graham Rogers, East Central Arkansas Insurance, Inc. ("ECA"), and Jerry Reeves ("Reeves").  In its original pleading, GeoVera charged Graham Rogers with breach of contract, breach of fiduciary duty, negligent hiring and training, and ordinary negligence, and it sued Reeves and ECA for negligence, breach of fiduciary duty, and constructive fraud.

Along with its answer, Graham Rogers filed cross-claims against Reeves and ECA, seeking contribution under the Uniform Contribution Among Tortfeasors Act ("UCATA"). Additionally, Graham Rogers filed a third-party complaint against GeoVera Specialty Insurance

Services, Inc. ("GeoVera Services") for contribution and indemnity.[1]

By order entered July 7, 2008, the Court granted in part Graham Rogers' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed without prejudice GeoVera's claims against Graham Rogers for breach of fiduciary duty, negligent hiring, negligent supervision, and negligent training. Additionally, by order entered August 7, 2009, the Court entered summary judgment in favor of Graham Rogers as to GeoVera's breach of contract and negligence claims and dismissed those claims with prejudice.[2]

On April 13, 2011, the Court of Appeals for the Eighth Circuit reversed this Court's judgment in part. The Eighth Circuit agreed that Geovera's negligence claim was properly dismissed, but it concluded that dismissal of Geovera's contract claim against Graham Rogers was in error. Specifically, the Court of Appeals found that the Surplus Lines Agreement between GeoVera and Graham Rogers placed a duty on Graham Rogers to apply GeoVera's underwriting guidelines to insurance applications.

On May 24, 2011, the Eighth Circuit entered its mandate, and the case is now before this Court for resolution of Geovera's breach of contract claim against Graham Rogers. Before entering a scheduling order, the Court must determine the status of Graham Rogers' cross-claims against ECA and Reeves and its third-party complaint against GeoVera Services, which were

---

[1] While the theory of contribution arises among tortfeasors, the theory of indemnification is different and posits a duty owed to the third-party plaintiff from the third-party defendant. The third-party complaint is void of allegations indicating a duty running from GeoVera Services to Graham Rogers.

[2] After the Court granted summary judgment in favor of Graham Rogers, counsel advised the Court that GeoVera's claims against Separate Defendants ECA and Reeves were settled. Accordingly, the Court dismissed those claims with prejudice.

previously dismissed without prejudice as moot.  Because the Eighth Circuit affirmed dismissal of GeoVera's negligence claim, it would appear that Graham Rogers' cross-claims and third-party complaint, claiming a right to contribution, remain moot.

**The Court advises Defendant Graham Rogers, Inc. that, if it disagrees with the Court's understanding regarding the status of said cross-claims and third-party claim, it has up to and including seven (7) days from the entry of this order in which to file a brief stating its position.**

IT IS SO ORDERED THIS 6TH   DAY OF JUNE, 2011.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE