**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| GeoVera SPECIALTY INSURANCE COMPANY | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:08CV00163   SWW |
| | * | |
| | * | |
| GRAHAM ROGERS, ET AL. | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |

**<u>ORDER</u>**

Plaintiff GeoVera Specialty Insurance Company ("GeoVera") commenced this action pursuant to the Court's diversity jurisdiction against Graham Rogers, Inc. ("Graham Rogers"), East Central Arkansas Insurance, Inc. ("ECA"), and Jerry Reeves ("Reeves").   Subsequently, GeoVera  reached a settlement with Reeves and ECA.  By order entered January 30, 2012, the Court Granted Geovera's motion for summary judgment and directed the parties to file briefs as to whether Graham Rogers is entitled to an offset for the  amount that GeoVera received from Reeves and ECA by way of settlement.

Now before the Court are (1) Graham Rogers' motion for reconsideration of the order granting summary judgment in GeoVera's favor (docket entries #188, #189), GeoVera's response in opposition (docket entry #191), Graham Rogers' reply (docket entry #194), and GeoVera's sur-reply (docket entry #196) and (2) GeoVera's motion for judgment (docket entries

1

#193, #194), Graham Rogers' response in opposition (docket entry #195), and GeoVera's reply

(docket entry #197).  Also before the Court is Graham Rogers' brief regarding offset (docket

entry #190).  After careful consideration, and for reasons that follow, Graham Rogers' motion

for reconsideration and GeoVera's motion for judgment are denied.

### Graham Rogers' Motion for Reconsideration of Summary Judgment Order

In addition seeking relief pursuant to a breach of contract claim against Graham Rogers,

GeoVera brought claims against Reeves and ECA for negligence, breach of fiduciary duty, and

constructive fraud.   GeoVera settled its claims against  Reeves and ECA for $20,000 and filed a

motion for summary judgment on its breach of contract claim against Graham Rogers.  Graham

Rogers opposed the motion, arguing that by settling with Reeves and ECA, GeoVera

"affirmatively elected its remedy in tort" and "no longer has a contract cause of action because it

chose to recover on its tort claims for the same alleged damages."  Docket entry #166, at 5.

The Court rejected Graham Rogers' argument, noting that the election-of-remedies

doctrine is designed to prevent double recovery for a single injury, but it does not prevent a party

from pursuing multiple claims against multiple parties until full satisfaction is had.   *See Gibson

v. Gibson,* 266 Ark. 622, 627, 589 S.W.2d 1, 3 (1979); *see also Davis v. Lawhon*, 186 Ark. 51,

52 S.W.2d 887 (1932)(holding that a plaintiff may pursue as many consistent remedies as he

may have, though only one satisfaction may be had).

In support of its motion for reconsideration, Graham Rogers states: "It is submitted that

the Court has now clearly erred by permitting a double recovery on more than one theory for a

single loss.  For that reason, Defendant moves the Court to reconsider its decision and to issue a

ruling in accordance with the plain directive of the Arkansas Supreme Court."  Docket entry

#189, at 3.

The election-of-remedies doctrine applies when a party has two appropriate but *inconsistent* remedies and chooses one to the exclusion of the other.  The equitable purpose behind the doctrine is to prevent a party from collecting twice for a single misdeed.  The election of remedies doctrine is inoperative in this case, where GeoVera seeks *consistent* remedies from multiple parties.[1]  Disagreement with the Court's interpretation and application of law is best addressed by the appellate process.

In granting summary judgment in GeoVera's favor, the Court found that the undisputed record established that a valid contract existed, Graham Rogers breached the contract, and GeoVera suffered damages as a result of the breach.  Regarding damages, the Court found that the undisputed evidence showed that Graham Rogers would not have issued the Balentines' policy if Graham Rogers had fulfilled its contractual obligation to apply GeoVera's underwriting

---

[1]In *Butler Bros. v. Hames*, 193 Ark. 77, 97 S.W.2d 622 (1936), the Supreme Court of Arkansas quoted the following statement:

> What remedies are inconsistent with each other so as to require or to constitute an election between them, and what remedies are consistent so as not to require or to constitute an election between them is a matter to be determined by the facts in each case.   No arbitrary rule can be enunciated the application of which will constitute a decisive test for all cases. * * * To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other.   It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different.

*Butler Bros. v. Hames,* 97 S.W.2d at 624, 97 S.W.2d at 624 (quoting 20 C.J. p. 9, § 8 (now 28 C.J.S. Election of Remedies § 4)).

guidelines.  The Court further noted that in opposing GeoVera's motion for summary judgment,

Graham Rogers did not assert that GeoVera failed to mitigate damages.

Graham Rogers now argues that it pled failure to mitigate in its answer and the issue was

raised in a motion to dismiss, but it "was simply not an issue thought necessary to reassert in

response to the motion for summary judgment."  Docket entry #189, at 3.   According to Graham

Rogers, the issue of mitigation of damages "should present a genuine issue of material fact to be

decided before GeoVera is awarded the full extent of its loss as damages."  *Id*.

Under Arkansas law, the burden of proving that a party failed to mitigate damages is on

the party from whom damages are claimed.  *See Kohlenberger v. Tyson's Foods*, 256 Ark. 584,

510 S.W.2d 555 (1974)(holding that the burden of proving mitigation of damages rested with the

defendant).  Faced with GeoVera's motion for summary judgment, Graham Rogers could not

rest on its answer, and it had the burden to present evidence that at least raised a factual question

on the issue of mitigation of damages.

Finding no basis for reconsideration of the order granting summary judgment in

GeoVera's favor, Graham Rogers' motion is denied.

### GeoVera's Motion for Entry of Final Judgment

Graham Rogers asserts that it is entitled to an offset of $20,000 to account for GeoVera's

settlement with Reeves and ECA.  GeoVera agrees that the requested offset is appropriate and

seeks entry of a final judgment.  GeoVera recognizes that Graham Rogers' third-party claim

against GeoVera Specialty Insurance Services, Inc. and cross-claims against Reeves and ECA

remain, but it asserts that those claims are severable, and that there is no just reason to delay

entry of a judgment in its favor.[2]  Graham Rogers opposes GeoVera's motion, asserting that such a course would require it to institute a piecemeal appeal, while continuing to prosecute remaining claims.

Rule 54(b)of the Federal Rules of Civil Procedure provides:

Judgment  on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party  claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).   When deciding whether to certify an order as a final judgment under Rule 54(b), a court must first determine whether it is dealing with a final judgment–that is, a decision upon a cognizable claim for relief that is an ultimate disposition of an individual claim entered in the course of a multiple claims action.  *See Huggins v. FedEx Ground Package System, Inc*.,  566 F.3d 771, 774 (8th Cir. 2009)(citing *Curtiss-Wright Corp. v. General Electric Co*., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).   Here, it is clear that the summary judgment order in favor of GeoVera is an ultimate disposition of GeoVera's only claim against Graham Rogers, and it qualifies as a final judgment.

However,  "'[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims,' and

---

[2]Regarding its cross-claims against ECA and Reeves, Graham Rogers claims a right to indemnity under an implied contract theory.  Regarding the third-party complaint against GeoVera Specialty Services, Inc., Graham Rogers seeks indemnity based on a service agreement it entered with the third-party defendant.

5

the district court must determine that there is no just reason for delay." *Id.*(quoting *Curtiss-Wright*, 446 U.S. at 8, 100 S. Ct. 1460). "'In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008)(quoting *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir.1993)). "'Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir.1983)). 3d 924, 928 (C.A.8 (Ark.),2008)

GeoVera  asserts that this litigation has been extensive and there is no reason why judgment in its favor should be further delay, but it does not state that it will suffer hardship or injustice without entry of a final judgment.   Furthermore, the Eighth Circuit does not favor piecemeal appeals and has stated that delaying appeal until all issues can be confronted by the appellate court is particularly desirable where, as here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. *Id.* at 928.   Accordingly, Graham Rogers' motion for judgment will be denied.

IT IS THEREFORE ORDERED that Defendant's motion for reconsideration (docket entry #188) is DENIED, and Plaintiff's motion for judgment (docket entries #193) is DENIED. Remaining are Defendant's cross-claims against ECA and Reeves and Defendant's third-party complaint against GeoVera Specialty Services, Inc.  The Court will enter a final scheduling order setting the remaining claims for trial.

IT IS SO ORDERED THIS 20TH DAY OF MARCH, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE